**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

| | |
|---|---|
| MELISSA SNEED,<br>Plaintiff,<br>v.<br>VERIFONE, INC.,<br>Defendant. | Civil Action No.<br>1:25-cv-06733-SDG |

**OPINION AND ORDER**

This case is before the Court on Defendant VeriFone, Inc.'s partial motion to dismiss for failure to state a claim [ECF 12]. Because Plaintiff Melissa Sneed plausibly alleges that the parties entered into an at-will employment contract and that VeriFone did not pay her the commissions she earned in accordance with the agreement, VeriFone's motion to dismiss is **DENIED**. Further, for good cause shown, VeriFone's motions to seal [ECFs 4, 14] are **GRANTED**.

## I. BACKGROUND[1]

Sneed began working as an inside sales representative for VeriFone, a global payments technology company, in November 2022.[2] Initially, Sneed's annual base

[1] At the motion to dismiss stage, "all well-pleaded facts are accepted as true, and the reasonable inferences therefrom are construed in the light most favorable to the plaintiff." *FindWhat Inv. Grp. v. FindWhat.com*, 658 F.3d 1282, 1296 (11th Cir. 2011) (quoting *Garfield v. NDC Health Corp.*, 466 F.3d 1255, 1261 (11th Cir. 2006)).

[2] ECF 7, ¶¶ 7, 17, 21.

salary was $45,000, plus commissions and eligibility for a bonus.[3] The commissions were to be calculated according to VeriFone's Sales Incentive Plan.[4]

Sneed made multiple sales for VeriFone, averaging $40,000 in commissions annually.[5] However, beginning in January 2023, VeriFone failed to pay all commissions owed to Sneed.[6] After witnessing her commission payments dip from $15,000 per quarter to $36.12, Sneed requested that VeriFone provide an accounting of her commission payments, to no avail.[7] By Sneed's calculation, she is owed approximately $275,000 in unpaid commissions from 2023 and 2024.[8] VeriFone then demoted Sneed to the role of partner success manager, which capped her annual compensation at $79,000.[9] Even then, VeriFone failed to pay Sneed's correct base salary for the second half of 2024, and its failure to timely update its payroll records caused Sneed to be ineligible for a bonus.[10]

---

3 *Id.* ¶ 18.

4 *Id.* ¶¶ 20–22; *see also* ECF 12-2. The parties disagree as to the proper name for this document, but the exhibit attached to VeriFone's motion to dismiss is titled "Sales Incentive Plan (SIP) Commission Plan Document," ECF 12-2, at 2, and so the Court will refer to it simply as the Sales Incentive Plan, or the Plan.

5 ECF 7, ¶¶ 30, 33.

6 *Id.* ¶ 34.

7 *Id.* ¶¶ 36–37, 41–42.

8 *Id.* ¶ 43.

9 *Id.* ¶¶ 58, 61.

10 *Id.* ¶¶ 66–68.

Sneed initially filed suit in the Superior Court of Fulton County, Georgia, in October 2025.[11] VeriFone removed the case based on this Court's diversity jurisdiction and moved to dismiss.[12] Sneed then amended her complaint to bring four counts: (I) breach of contract; (II) breach of the implied covenant of good faith and fair dealing; (III) failure to pay commissions in violation of O.C.G.A. § 10-1-700, *et seq.*; and (IV) failure to pay overtime in violation of the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.*[13] VeriFone moves to dismiss the first three counts for failure to state a claim.[14]

## II. APPLICABLE LEGAL STANDARD

Federal Rule of Civil Procedure 8(a)(2) requires a pleading to contain a "short and plain statement of the claim showing that the pleader is entitled to relief." While this standard does not require "detailed factual allegations," the Supreme Court has held that "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).

---

11 Compl., ECF 1-1.

12 ECFs 1, 2. Diversity jurisdiction is proper under 28 U.S.C. § 1332, as Sneed is a citizen of Georgia, VeriFone is a citizen of Delaware and New York, and the amount in controversy exceeds $75,000. ECF 1, ¶¶ 8, 11, 14.

13 ECF 7.

14 ECF 12.

To withstand a motion to dismiss for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6), a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Am. Dental Ass'n v. Cigna Corp.*, 605 F.3d 1283, 1289 (11th Cir. 2010) (quoting *Twombly*, 550 U.S. at 570). "[C]onclusory allegations, unwarranted deductions of facts[,] or legal conclusions masquerading as facts will not prevent dismissal." *Oxford Asset Mgmt., Ltd. v. Jaharis*, 297 F.3d 1182, 1188 (11th Cir. 2002). A complaint is plausible on its face when the plaintiff pleads facts sufficient for the court to draw the reasonable inference that the defendant is liable for the conduct alleged. *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* The principle that the Court must accept all well-pleaded facts as true at this stage does not apply to legal conclusions. *Iqbal*, 556 U.S. at 678.

## III. DISCUSSION

VeriFone seeks to dismiss Counts I–III of the complaint, contending they all suffer from the same fatal flaw: that Sneed does not plausibly allege the existence of an enforceable contract between the parties. However, having reviewed VeriFone's moving papers, the Court concludes that they suffer from their own fatal flaw: VeriFone appears to assume that at-will employment is no contract at

all, and so Sneed cannot pursue breach of contract claims or a claim under O.C.G.A. § 10-1-700, *et seq.*, for failure to pay commissions owed pursuant to a contract. But the answer was in front of VeriFone all along—on page 7 of its own motion to dismiss, VeriFone "recognizes that there is an exception [to the at-will employment doctrine] under which an employee may sue on an oral contract for employment terminable at-will, specifically for compensation due for services actually performed up to the time of discharge."[15] While this area of Georgia contract law is admittedly not the clearest, its application to this case is relatively straightforward: "When the employee has actually performed services under a contract terminable at will he may recover of the employer the compensation due him for the services rendered." *E.D. Lacey Mills, Inc. v. Keith*, 183 Ga. App. 357, 359-60 (1987) (cleaned up). Because Sneed plausibly alleges that the parties entered into an at-will employment contract, and VeriFone did not pay her the commissions she earned in accordance with the agreement, she may proceed on her contract and contract-related claims. VeriFone's motion to dismiss is therefore denied.

---

15 ECF 12, at 7 n.7 (citing *E.D. Lacey Mills, Inc. v. Keith*, 183 Ga. App. 357, 359 (1987)).

### A. Counts I and II (Breach of Contract and Breach of the Implied Covenant of Good Faith and Fair Dealing)

To recover on a breach of contract claim, Sneed must prove "the (1) breach and the (2) resultant damages (3) to the party who has the right to complain about the contract being broken." *UWork.com, Inc. v. Paragon Techs., Inc.*, 321 Ga. App. 584, 590 (2013) (citation omitted). Additionally, "every contract implies a covenant of good faith and fair dealing in the contract's performance and enforcement," which "modifies and becomes a part of the provisions of the contract." *Myung Sung Presbyterian Church, Inc. v. N. Am. Ass'n of Slavic Churches & Ministries, Inc.*, 291 Ga. App. 808, 810 (2008) (cleaned up), *disapproved of on other grounds by George v. Hercules Real Est. Servs., Inc.*, 339 Ga. App. 843 (2016). The implied covenant "cannot be breached apart from the contract provisions it modifies and therefore cannot provide an independent basis for liability." *Myung Sung Presbyterian Church*, 291 Ga. App. at 810.

There is no dispute that Sneed was an at-will employee.[16] However, that is not the dispositive issue here:

> Although terminable-at-will employment does not give an employee a contractual right to remain employed, an at-will employment relationship can give rise to certain contractual rights. In a terminable-at-will employment contract the original terms for compensation are enforceable for that work actually performed under the

---

[16] ECF 15, at 4 ("Plaintiff has never alleged that she was not an at-will employee.").

> contract. Under such circumstances, the plaintiff has a right of action under the contract for the amount of earned compensation due him in accordance with the agreement. And although in an at-will relationship, a promise of a future change in compensation generally is unenforceable since neither party is bound to continue performance under the contract at all, this rule does not apply to a promise of future compensation made at the beginning of the employment relationship. Such a promise is enforceable, though it would not be if made pending the term or after performance was complete.

*Shelnutt v. Mayor*, 333 Ga. App. 446, 450–51 (2015) (cleaned up). Whether the employment contract is oral or written is irrelevant to this analysis. *See, e.g.*, *E.D. Lacey Mills*, 183 Ga. App. at 359–60 (oral employment agreement to pay a 2% commission); *Shelnutt*, 333 Ga. App. at 451–52 (written pay policy providing for a salary increase upon promotion).

What matters is that Sneed plausibly alleges that the parties entered into an employment agreement (oral or written) in which VeriFone agreed to pay Sneed commissions in accordance with the Sales Incentive Plan. *See Bedsole v. Action Outdoor Advert. JV, LLC*, 325 Ga. App. 194, 198 (2013) ("To determine whether the parties mutually assented to all essential terms of the contract, the circumstances surrounding the making of the contract, such as correspondence and discussions, are relevant in deciding if there was a mutual assent to an agreement.") (citation

omitted). Indeed, Sneed's offer letter makes specific reference to the Plan.[17] Because Sneed allegedly made the sales necessary to earn commissions under the Plan, and VeriFone allegedly did not pay those commissions, Sneed plausibly alleges that VeriFone breached her at-will employment contract, and she has a right of action under the contract for the amount of earned compensation due in accordance with the agreement. *Shelnutt*, 333 Ga. App. at 450–51.[18] Because Sneed also alleges that VeriFone withheld her commissions without explanation and subsequently demoted her when she complained, it is reasonable to infer that

---

[17] ECF 13-2. The unredacted version of this document is under seal, but no more detail about the letter is necessary for the resolution of this motion.

[18] VeriFone argues in its reply that Sneed cannot bring these claims under a breach of contract theory, but rather she must bring them as some form of equitable claim, citing a stray line in *E.D. Lacey Mills*. ECF 16, at 3–6. However, the counterclaim at issue in *E.D. Lacey Mills* was one for "breach of [defendants'] respective employment contracts," and the Court of Appeals affirmed the trial court's denial of summary judgment based on the reasoning discussed in this Order. 183 Ga. App. at 358, 360. Similarly, *Shelnutt* involved an appeal of the trial court's grant of a motion to dismiss and motion for judgment on the pleadings as to the plaintiffs' "claims for breach of contract," which the Court of Appeals reversed based on the reasoning discussed in this Order. 333 Ga. App. at 446, 454. Thus, the Court concludes that Sneed may bring her claims under a breach of contract theory. *Accord Kuchy v. Nidus Dev., LLC*, No. 1:22-CV-1138-TWT, 2022 WL 4448914, at *3 n.2 (N.D. Ga. Sept. 22, 2022) ("The Court also finds that neither *E.D. Lacey* nor [*Brazzeal v. Com. Cas. Ins. Co.*, 51 Ga. App. 471 (1935)] specifically precluded a claim for breach of contract by an employee against an employer and therefore considers the language to be dicta.").

VeriFone breached its obligation to pay Sneed's commissions in bad faith. Accordingly, VeriFone's motion to dismiss is denied as to Counts I and II.

**B. Count III (Failure to Pay Commissions in Violation of O.C.G.A. § 10-1-700, *et seq.*)**

VeriFone's fatal flaw carries over into Count III. VeriFone argues that Sneed cannot state a claim for violation of O.C.G.A. § 10-1-700, *et seq.*, because the statute requires the existence of a contract between the sales representative and her principal. *See, e.g.*, O.C.G.A. § 10-1-702(b)(1) ("A principal who fails to make timely payment of commissions . . . shall be liable to the sales representative in a civil action for . . . [a]ll amounts due to the sales representative according to the terms of the contract."). But as discussed in the previous section, Sneed plausibly alleges that the parties entered into an employment contract whereby Sneed agreed to sell VeriFone products in exchange for a base salary and defined commissions. While there is no dispute that Sneed was employed at-will, that does not mean that no contract exists between the parties; *Shelnutt* is clear that "[a]lthough terminable-at-will employment does not give an employee a contractual right to remain employed,[ ] an at-will employment relationship can give rise to certain contractual rights," including the right to "the amount of earned compensation due [ ] in accordance with the agreement." 333 Ga. App. at 450–51 (internal quotation marks, citations, and alterations omitted). Because Sneed plausibly alleges that the parties entered into an (at-will) employment contract, and

VeriFone raises no other arguments in support of dismissal, VeriFone's motion to dismiss is denied as to Count III.

### C. VeriFone's Motions to Seal

VeriFone moves to seal Sneed's offer letter and the Sales Incentive Plan, attached as exhibits to its motions to dismiss, arguing that they contain its confidential business information.[19] "The common law right of access [to judicial proceedings] may be overcome by a showing of good cause, which requires balancing the asserted right of access against the other party's interest in keeping the information confidential." *Romero v. Drummond Co.*, 480 F.3d 1234, 1246 (11th Cir. 2007) (internal quotation marks, citations, and alterations omitted). "Concerns about trade secrets or other proprietary information . . . can overcome the public interest in access to judicial documents," and the Court considers, among other things, "whether the records are sought for such illegitimate purposes as to . . . gain unfair commercial advantage." *Callahan v. United Network for Organ Sharing*, 17 F.4th 1356, 1363 (11th Cir. 2021) (internal quotation marks and citation omitted).

Here, the Court finds that VeriFone's interest in protecting its proprietary business information outweighs the public's right of access, as the public has a weaker interest in the particulars of VeriFone's compensation practices compared

---

19 ECFs 4, 14.

to VeriFone's interest in preventing its competitors from gaining an unfair commercial advantage. Accordingly, VeriFone has shown good cause to seal the documents, and its motions to seal are granted.

## IV. CONCLUSION

VeriFone's partial motion to dismiss [ECF 12] is **DENIED**. VeriFone shall file its answer to the amended complaint within 14 days of this Order. The parties are **DIRECTED** to file their Joint Preliminary Report and Discovery Plan required by LR 16.2, NDGa, within 30 days of VeriFone's answer.

Further, VeriFone's motions to seal [ECFs 4, 14] are **GRANTED**. The Clerk is **DIRECTED** to place the exhibits to VeriFone's motions to dismiss, filed in unredacted form at ECFs 3 and 13, under permanent seal.

The Clerk is further **DIRECTED** to submit this Order to undersigned after 30 days.

**SO ORDERED** this 30th day of September, 2026.

Steven D. Grimberg
United States District Judge